[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14337
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-24101-MGC

LEROY HOLT,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 6, 2012)

Before BARKETT, PRYOR and EDMONDSON, Circuit Judges.

PER CURIAM:

Leroy Holt, a *pro se* Florida prisoner, appeals the district court's denial of

his 28 U.S.C. § 2254 federal habeas petition.  Holt is serving a life sentence for convictions for kidnaping, attempted second degree murder and aggravated battery.  Briefly stated, Holt was charged with having severely beaten his wife, Annie Holt, with an iron pipe, causing her serious injury.  After the beating, Annie Holt jumped from Holt's truck -- she says -- to get away from him because she was in fear of her life.

In this appeal, Holt argues that the district court erred in not finding counsel ineffective for failing to retain an expert witness to testify about the cause of the alleged victim's injuries.   Holt also argues that the district court erred in not finding counsel ineffective for failing to object to the prosecutor's references to Annie Holt as the "victim."

## I.

We review *de novo* a district court's denial of a habeas petition under 28 U.S.C. § 2254 and its factual findings for clear error.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo.  Id.*

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on

2

claims that were previously adjudicated in state court, unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d)(1)-(2).  A state court's decision is contrary to clearly established Supreme Court precedent if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011), *petition for cert. filed*, (U.S. Jan. 12, 2012) (No. 11-8303, 11A489).   The "unreasonable application[ ] of clearly established Federal law" clause within § 2254(d)(1) permits federal habeas relief if the state court correctly identified the governing legal principle from Supreme Court precedent but unreasonably applied that principle to the facts of petitioner's case.  *Id.* at 817.

In *Strickland*, the Supreme Court set out a two-part inquiry for ineffective-assistance-of- counsel claims:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This

3

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test.  *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001).  If the defendant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and *vice versa*. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  A reasonable probability is one sufficient to undermine confidence in the outcome.  *Id.*  "It is not enough for the defendant to show that the error[ ] had some conceivable effect on the outcome of the proceeding."  *Id.* at 693, 104 S.Ct. at 2067.  He must show that the result would have been different.  *See id.*  Where ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because  "often allegations of what a witness would have testified to are largely speculative." *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006).

Holt has not shown that the state trial court's denial of his ineffective-

4

assistance-of-counsel claim based on the lack of prejudice was contrary to, or an unreasonable application of, *Strickland*. It is unclear how the outcome at trial would have been different if an expert witness had been sought to testify as to which injuries were specifically caused by Annie's leap from the van instead of the beating she suffered. It is speculative that an expert witness would in fact have testified that the major injuries to Annie's face and arm were not caused by the beating, but were caused by her jump from the vehicle. Detailed testimony about the exact cause of each of Annie's injuries could have in fact have been detrimental to Holt's case if such testimony established or re-emphasized that the most serious injuries were caused by the beating.

## II.

We have held that where a petitioner was not entitled to relief for prosecutorial misconduct, his attorney's failure to object to that misconduct does not warrant reversal. *Land v. Allen*, 573 F.3d 1211, 1221 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2097 (2010).

No authority establishes that for the prosecutor to refer to the alleged victim as the "victim" at trial is impermissible. Because it was not improper for the

5

prosecutor to refer to Annie as the "victim" at trial, Holt's counsel did not perform deficiently in failing to object. *See Land*, 573 F.3d at 1221. Holt has not shown that, had his counsel objected to the four references the prosecutor made to Annie as the victim, the outcome would have been any different. The Florida court's conclusion that this ineffective-assistance-of-counsel claim was meritless was therefore not clearly contrary to, or an unreasonable application of, *Strickland*.

We affirm the denial of Holt's § 2254 petition.

AFFIRMED.